L. Anthony George
BRYAN CAVE HRO
1700 Lincoln Street, Suite 4100
Denver, CO 80203-4541
Telephone: (303) 861-7000
Fax: (303) 866-0200
Email: anthony.george@bryancave.com
[Admitted *Pro Hac Vice*]

Nicholas F. Frey
WOODBURN AND WEDGE
6100 Neil, Road, Suite 500
Reno, Nevada 89511
Telephone: (775) 688-3000
Fax: (775) 688-3088
Email: NFrey@woodburnandwedge.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

GARY GREEN,

    Plaintiff,

    vs.

ROBINSON NEVADA MINING COMPANY,

    Defendant.

Case No.: 3:12-cv-00553-MMD-WGC

**CORRECTED STIPULATION FOR ENTRY OF PROTECTIVE ORDER; ORDER THEREON**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Parties have certified and stipulated that discovery in the above-entitled action may involve the disclosure of confidential information from or related to Robinson Nevada Mining Company ("RNMC") and Gary Green ("Green"), including confidential, trade secret, proprietary or technical business, marketing, and financial information related to RNMC and its clients, customers and employees, and non-public information related to Plaintiff's health care records. The Parties therefore stipulate to the entry of the following Stipulated Protective Order.

1. **Scope**. This Stipulated Protective Order will apply to all materials and information designated as "Confidential Information" under Paragraph 2, which have been, or which may be,

1

PX01DOCS\735530.4

produced by the Parties to this Order during the course of this litigation. These materials and information include, but are not limited to: (a) documents, interrogatory answers, responses to requests for admission, and depositions; (b) copies, extracts and summaries prepared from such materials; (c) all information contained in or obtained from such materials; and (d) those portions of briefs, affidavits, memoranda, depositions, or other writings, including exhibits, which contain or refer to Confidential Information.

2. **Confidential Information**. In the course of these proceedings, any Party may designate any discovery materials produced in this case as "Confidential Information," the disclosure of which by the receiving Party would, in the good faith judgment of the Party producing such materials, result in the disclosure of non-public, confidential, proprietary or trade secret information, including research, technical, business, marketing, development, financial or commercial information, belonging or relating to RNMC's employees, clients or customers, or relating to Green's non-public health care records. Any Party disclosing such information (the "Disclosing Party") to a Party in this action (the "Receiving Party") by any means, including disclosure statements, deposition testimony, deposition exhibits, responses to interrogatories or subpoenas, responses to requests for admission, responses to requests for documents or things or the like, will designate the information as Confidential Information in accordance with Paragraph 3 below.

3. **Designation of Confidential Information**. Any Party disclosing Confidential Information must designate the information as Confidential Information in the following manners: by stamping or writing "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" on every page of any document that is to be covered by this Discovery Confidentiality Order; by providing written notification to the Receiving Party that any electronically-stored information or documents produced in electronic form contain Confidential Information; by designating deposition testimony as confidential by identifying the portion or portions of the deposition transcript to be considered Confidential Information on the record during such deposition, or within 30 days after the Party desiring such designation receives the transcript of such deposition.

If any documents or other tangible materials are generated by a Receiving Party from the electronically-stored information, the materials will retain the designation given the electronic form, except that a Receiving Party may provide the generated document or tangible material to the Disclosing Party with a written request that the Disclosing Party determine what, if any, designation that material should be given. Unless the Disclosing Party responds within 20 calendar days from receipt of such written request, the generated document or tangible material will be deemed not to be Confidential Information.

4. **Restrictions on Disclosure of Confidential Information**. Materials designated as "CONFIDENTIAL" will not be used by or communicated to any person or entity for any purpose whatsoever, except the prosecution or defense of this case. Confidential Information may only be disclosed to the following persons (hereinafter "Qualified Persons"), and only may be disclosed to such Qualified Persons if and after the Disclosing Party provides the Qualified Person with a copy of this Protective Order and advises that Qualified Person that he or she is bound by the contents of this Protective Order:

   a. The Parties and attorneys of record or in-house counsel for Parties in this action, and the staff of their respective law firms or in-house or legal departments working on this case;

   b. Disclosed experts or consultants hired or consulted by such Parties or attorneys in connection with this case, to the extent reasonably necessary;

   c. Officers, directors, partners, employees and insurers of a Party who are reasonably necessary to assist counsel in this case, and who are not past employees of or consultants for another Party;

   d. Court personnel, including stenographic reporters and certified videotape operators, engaged in those proceedings that are a necessary incident to the trial or preparation of this action for trial; and

   e. Such other persons as may be properly qualified to receive Confidential Information pursuant to later order of this Court.

Information designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" will be disclosed only to the attorneys of record in this case and to the Court and Court personnel as necessary for them to perform their duties.

Nothing in this Paragraph 4 will forbid the Parties from agreeing to modify this Order to permit additional individuals to have access to Confidential Information. If the Parties are unable to agree on such a modification, nothing in this paragraph will prejudice or otherwise preclude any Party from requesting that the Court modify this Order to permit additional individuals to have access to Confidential Information. No Party will oppose any such modification request on the grounds that the individuals for which access to Confidential Information is being sought were excluded from or not previously included in Paragraph 4.

5. **Restrictions on Use of Confidential Information.** All Confidential Information produced during discovery may be used solely for the purposes of this action. Confidential Information produced during discovery will not be used at any time for any other purpose whatsoever and will not be disclosed to or made accessible to any person who is not a Qualified Person without the prior written consent of the Party or other person originally causing the document or documents containing such information to be identified as Confidential Information.

In addition, the sum, substance and/or contents of Confidential Information, as well as all notes, abstracts, summaries and memoranda related thereto will be treated as if they were themselves Confidential Information and will not be disclosed to or made accessible to anyone other than Qualified Persons.

6. **Depositions**. No person will attend portions of the depositions designated as providing Confidential Information unless such person is a Qualified Person. Any court reporter who transcribes testimony in this action at a deposition will agree, before transcribing any such testimony, that all testimony about Confidential Information is and will remain confidential and will not be disclosed except as provided in this Order; that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record, or filed under seal with the Court in accordance with the provisions of Paragraph 11 of this Order..

7. **Inadvertent Non-Designation**.  The failure of a Party to designate information produced in discovery as Confidential Information at the time of its production will not preclude that Party from later designating the information as confidential by promptly notifying the other Party of that designation.  Provided, however, that the disclosure of such document by any other Party prior to such later designation will not be deemed a violation of this Order.  The failure of any Party to challenge the designation of information as Confidential Information at the time of its disclosure will not be deemed a waiver of its right to challenge the propriety of such designation at a later time.

8. **Inadvertent Disclosure of Confidential Information**.  Should any Confidential Information be disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Order, then the Receiving Party will use its best efforts to bind such person to the terms of this Order; and the Receiving Party will (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Disclosing Party; (c) retrieve from such person all such disclosed Confidential Information and any and all copies, notes, abstracts, summaries, and memoranda derived in whole or part from the Confidential Information.  The executed undertaking will be promptly served upon the Disclosing Party.

9. **Objections to Designations of Confidential Information**.  The Parties will make good faith attempts to resolve between themselves any disputes regarding particular designations of confidentiality.  If the Parties are unable to resolve any such dispute, any Party may apply to the Court for relief from, or modification of, this Order for the removal of the confidential designation from any discovery materials, or extracts or portions thereof, for reclassification of Confidential Information, or for further protection of Confidential Information.  The burden of persuasion regarding any Party's confidentiality designation will be on the Party asserting the confidentiality of the materials.  Until a motion based on a dispute is ruled upon by the Court, the Confidential Information at issue will retain its designation as Confidential Information under this Order and thereafter will be designated and/or utilized as the Court's ruling on such motion may direct.  This Order is without prejudice to the rights of any Party to object to the production of documents or information that it considers to be privileged.

10. **Redaction**. To the extent practicable, Parties may redact Confidential Information to protect the privacy interests of persons who are not Parties to this litigation. Should the Receiving Party object to any redaction, that Party will confer in good faith regarding the necessity of the redaction before seeking Court intervention.

11. **Filing**. Any party seeking to file discovery materials under seal will show "good cause" for discovery materials attached to non-dispositive motions, or "compelling reasons" for discovery materials attached to dispositive motions, as those standards are defined by Ninth Circuit case law. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Pintos v. Pac. Creditors Ass'n*, 504 F.3d 792, 801 (9th Cir. 2007); *Foltz v. State Farm Mut. Auto Ins. Co*., 331 F.3d 1122, 1135-36 (9th Cir. 2003).

In the event that any discovery materials to be filed or lodged with the Court are, include, or refer to Confidential Information, and the applicable standard set forth above is satisfied, such paper will be filed electronically under seal pursuant to the requirements of Local Rule 10-5(b) and the District of Nevada's ECF Procedures. The Clerk of Court is directed to maintain under seal all material filed in this Action that has been marked or designated, in whole or in part, as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and filed in accordance with this paragraph. The sealed material will not be opened or released from the custody of the Clerk of Court except by order of the Court.

12. **Termination of Action**. Within 60 days of the final determination of this action, whether by trial, appeal, settlement or other disposition, each Party who has received any Confidential Information produced in discovery in this action will assemble and return to the Disclosing Party all such confidential materials, including copies, or will destroy the confidential materials and copies in a mutually agreeable manner.

13. **New Parties**. In the event additional individuals or entities become parties to this litigation, they will not have access to, nor will any existing Party produce to them, any Confidential Information until the newly added parties, by counsel, have signed and filed with the Court this Order or an order of similar nature.

14. **Continuing Jurisdiction**. This Court retains jurisdiction to amend, modify or add to this Order. Any Party may apply to the Court for amendment or modification of or addition to this Order at any time.

15. **Scope of Order**. Any non-party to this action who will be called upon to make discovery or to provide deposition or other testimony will be entitled to avail itself of the provisions and protections of this Order and, by doing so, assumes the duties and obligations imposed by this Order.

16. **Survival of Order**. This Order will survive the final determination of this action and will remain in full force and effect after the conclusion of all proceedings herein to provide the Court with ancillary jurisdiction to enforce and to insure compliance with its terms.

17. **Limitation**. Nothing in this Order will restrict the use or disclosure by any Party of its own Confidential Information.

18. **Order is not Evidence**. This Order has been entered to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," nor the failure to make such designation will constitute evidence with respect to any issue in this action.

(signatures on following page)

1   IT IS SO STIPULATED AND AGREED this 29th day of March, 2013:

/s/ L. Anthony George
L. Anthony George
[Admitted *Pro Hac Vice*]
BRYAN CAVE HRO
1700 Lincoln Street, Suite 4100
Denver, CO  80203
Telephone:  (303) 861-7000

- and -

Nicholas F. Frey
WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Telephone:  (775) 688-3000

ATTORNEYS FOR ROBINSON NEVADA
MINING COMPANY


/s/  Jeffrey A. Dickerson (with permission)
Jeffrey A. Dickerson
9585 Prototype Court, Suite A
Reno, NV  89521
Counsel for Plaintiff

ATTORNEYS FOR PLAINTIFF

-----------------------------------------------------------------------------------------

**ORDER**

IT IS SO ORDERED.

Dated:   March 29, 2013.

_____
UNITED STATES MAGISTRATE JUDGE