1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

11 | GARY GREEN,

Case No. 3:12-cv-00553-MMD-WGC

12 |                              Plaintiff,

ORDER

13 |        v.

(Def's Motion for Summary Judgment –
dkt. no. 24)

14 | ROBINSON NEVADA MINING
COMPANY,

15 |                              Defendant.

16

17 | **I.    SUMMARY**

18 |        Before the Court is Defendant Robinson Nevada Mining Company's Motion for

19 | Summary Judgment. (Dkt. no. 24.) For the reasons discussed below, the Motion is

20 | granted.

21 | **II.   BACKGROUND**

22 |        The Complaint alleges the following. Plaintiff worked for Defendant as a Crusher

23 | Maintenance Worker at one of Defendant's mines. Plaintiff was terminated for job

24 | abandonment while his application for short-term disability ("STD") was still pending.

25 | After Defendant terminated Plaintiff, his STD benefits were approved but Defendant

26 | maintained that his leave was unauthorized. Plaintiff was 57 when he was terminated.

27 |        Additional facts are found in the evidence presented by the parties. Plaintiff

28 | testified at his deposition that he received a written reprimand for damaging a piece of

1  equipment and trying to repair it without reporting the incident. (Dkt. no. 24-3, Plaintiff

2  Dep. at 31:8–33:15.) That incident occurred on June 28, 2010, the last day that Plaintiff

3  worked at the mine. (*Id.* at 33:16–33:18.) On June 29, 2010, Plaintiff spoke to Nancy

4  Blair, Senior Human Resources Coordinator for Defendant, about going on STD. (Dkt.

5  no. 24 at 4.) Plaintiff testified that Blair told him that he could get on STD if he brought in

6  documentation from his doctor. (Dkt. no. 24-3, Plaintiff Dep. at 37:22–38:8.) Plaintiff

7  dropped off the documents soon after. (*Id.*) On July 12, 2010, Plaintiff went back to the

8  mine to fill out and sign an STD claim form. (Dkt. no. 24-3, Plaintiff Dep. at 44:9–44:12.)

9  Anthem was a third-party administrator for Defendant's disability plan. (Dkt. no. 24-2,

10 Clark Dep. at 8:11–8:16.) Plaintiff was aware that Anthem had to approve claims for STD

11 benefits. (Dkt. no. 24-3, Plaintiff Dep. at 49:15-49:23.) Anthem sent a Notification of

12 Claim Status to Defendant that stated Plaintiff was approved for STD benefits until July

13 13, 2010. (Dkt. no. 24-15, Blair Decl. ¶4.) Anthem did not send Defendant another

14 Notification of Claim Status until after Plaintiff was terminated. After Plaintiff's termination

15 on August 24, 2010, Anthem sent a Notification of Claim Status indicating that STD

16 benefits were approved from August 13, 2010, to September 7, 2010. (*Id.* ¶7.) Blair's

17 declaration states that, to Defendant's knowledge, Plaintiff was not approved for STD

18 benefits from July 14, 2010, to August 12, 2010. (*Id.*) Plaintiff did not receive any STD

19 payments after July 13, 2010. (Dkt. no. 24-3, Plaintiff Dep. at 58:16–58:18.) Lloyd Clark,

20 Human Resources Manager for Defendant, states in his declaration that Plaintiff did not

21 call or check-in with a supervisor regarding his absence from July 14, 2010, to August

22 24, 2010. (Dkt. no. 24-14, Clark Decl. ¶9.) Plaintiff testified that he had no contact with

23 Defendant or anyone at Anthem between July 13, 2010, and August 24, 2010. (Dkt. no.

24 24-3, Plaintiff Dep. at 48:20-50:7.)

25        Plaintiff alleges that he was terminated because of his age, in violation of the Age

26 Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. Defendant moved for

27 summary judgment (dkt. no. 24) and Plaintiff opposed (dkt. no. 27). Defendant filed a

28 ///

reply (dkt. no. 30) and an errata with exhibits Defendant mistakenly failed to attach to the Motion (dkt. no. 31).

## III.   DISCUSSION

### A.   Legal Standard

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U .S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts."

*Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**B.    Analysis**

"In order to establish a disparate treatment claim, the plaintiff must produce evidence that gives rise to an inference of unlawful discrimination, either through direct evidence of discriminatory intent or through the burden shifting framework set forth in *McDonnell Douglas Corp. v. Green*." *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 640 (9th Cir. 2003); *see also Shelley v. Geren*, 666 F.3d 599, 608 (9th Cir. 2012) (holding that the *McDonnell Douglas* framework is applicable to motions for summary judgment on ADEA claims).

In this case, Plaintiff does not offer direct evidence of discriminatory intent so the Court considers Plaintiff's claim under the *McDonnell Douglas* framework.

Under the *McDonnell Douglas* framework, "the employee must first establish a prima facie case of age discrimination." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir.2008) (internal citations omitted). "If the employee has justified a presumption of discrimination, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its adverse employment action." *Id.* "If the employer satisfies its burden, the employee must then prove that the reason advanced by the employer constitutes mere pretext for unlawful discrimination." *Id.* Further, to successfully establish an ADEA disparate treatment claim, the plaintiff must prove that age was the "but-for" cause of the employer's adverse decision. *Gross*, 557 U.S. at 176 ("the ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of age' is that age was the 'reason' that the employer decided to act.")

A plaintiff can establish a prima facie case of disparate treatment under the ADEA with circumstantial evidence by demonstrating that he was "(1) at least forty years old, (2) performing his job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under

4

circumstances otherwise 'giving rise to an inference of age discrimination.'" *Diaz*, 521 F.3d at 1207 (*quoting Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000)).

The first and third elements are clearly satisfied in this case as Plaintiff was discharged and over 40 at all relevant times. Defendant argues that Plaintiff cannot satisfy the second and fourth elements.

### 1.    Plaintiff's Job Performance

As to the second element, Defendant argues that Plaintiff was not performing his job satisfactorily because he had been "absent without leave" for six weeks. (Dkt. no. 24 at 11.) There is a period of six weeks between the last time that Plaintiff received STD benefits on July 13, 2010, and Plaintiff's termination on August 24, 2010. Defendant argues that this six-week absence constituted job abandonment, and therefore Plaintiff cannot establish that he was performing his job satisfactorily. (*Id.*) The Court disagrees.

On August 5, 2010, Anthem informed Blair via email that STD benefits were only approved until July 13, 2010, because Plaintiff was referred to a specialist and Anthem needed additional information before benefits could continue. (*See* dkt. no. 24-11.) On August 24, 2010, Blair stated that she spoke with Anthem and again Anthem informed her that Plaintiff was still receiving treatment but Anthem was still gathering information. (*See* dkt. no. 24-12.) Plaintiff submitted evidence that he was attending doctor's appointments during this six-week period. (*See* dkt. no. 27, Ex. 13.) Defendant has not provided any evidence that a representative of Defendant contacted Plaintiff to inform him either that his benefits ended or that he had to return to work. Defendant has not provided any evidence that Defendant was ever cleared for work by his doctors. Plaintiff testified that he didn't have any contact with Defendant until he was called in for a meeting on August 24, 2010, the day he was terminated. (Dkt. no. 24-3, Plaintiff Dep. at 48:20–50:7.) Plaintiff testified that he didn't return to work because he was never cleared for work by his doctor (*id.* at 56:21–58:2), and that he thought he was on STD during the entire period of his absence (*id.* at 54:22–54:24). Without any undisputed evidence that

1   Plaintiff was made aware that he was required to return to work, the Court cannot
2   conclude that Plaintiff was absent without leave or abandoned his job.

3       Defendant also argues that Plaintiff cannot establish that he was doing his job
4   satisfactorily because he had an incident on June 28, 2010, that warranted a written
5   reprimand "that would delay his advancement for six months." (Dkt. no. 24 at 12.)
6   However, that incident was two months before Plaintiff's termination, and Clark's
7   declaration clearly states that Plaintiff was terminated for job abandonment, not the
8   incident on June 28, 2010. (*See* dkt. no. 24-14, Clark Decl. ¶12.) The Court finds that
9   Plaintiff has made a prima facie showing that he was performing his job satisfactorily
10  prior to termination.

11              **2.    Plaintiff's Replacement**

12      It is not enough to present prima facie evidence that Plaintiff was over 40 and
13  terminated while performing his job satisfactorily. Pursuant to the fourth element of the
14  prima facie analysis, the Court must be able to look at the evidence and conclude that
15  Plaintiff has made a prima facie showing that he was:  (1) "replaced by substantially
16  younger employees with equal or inferior qualifications;" or (2) "discharged under
17  circumstances otherwise giving rise to an inference of age discrimination." *Diaz*, 521
18  F.3d at 1207 (internal quotations and citation omitted).

19      Defendant argues that there is insufficient evidence to establish that Plaintiff was
20  replaced by a substantially younger employee. The Court agrees. A declaration used to
21  oppose a motion for summary judgment "must be made on *personal knowledge*," and
22  "set out facts that would be *admissible in evidence* . . . ." Fed. R. Civ. P. 56(c)(4)
23  (emphasis added); *see also S.E.C. v. Phan*, 500 F.3d 895, 909 (9th Cir. 2007) (finding
24  that a court can disregard a declaration when it "state[s] only conclusions, and not such
25  facts as would be admissible in evidence") (*quoting United States v. Shumway*, 199 F.3d
26  1093, 1104 (9th Cir.1999)). Plaintiff, in his declaration, states that "Gerald, in his 30's,
27  told me that he replaced me." (Dkt. no. 28 at 2.) This is the only evidence in the record to
28  suggest that Plaintiff was replaced by a younger employee.

Gerald's statement is an out of court statement offered for its truth. It is therefore textbook hearsay under Fed. R. Evid. 801(c). Plaintiff argues that the statement is not hearsay because it is a statement of identification under Fed. R. Evid. 801(d)(1)(C) and because it is offered against an opposing party under Fed. R. Evid. 801(d)(2)(C) and 801(d)(2)(D). (Dkt. no. 27 at 4.) The Court disagrees. Fed. R. Evid. 801(d)(1)(C) only applies to out of court statements of *identification* and therefore does not apply to Gerald's statement regarding his replacement of Plaintiff. As to Rules 801(d)(2)(C) and 801(d)(2)(D), Plaintiff states no facts, and presents no evidence to support the conclusion that Gerald was authorized to make the statement, as required by Rule 801(d)(2)(C), or that Gerald made the statement within the scope of his employment, as required by Rule 801(d)(2)(D). Plaintiff does not provide a sworn declaration from Gerald himself or anyone that would have knowledge of Gerald's employment duties, or his authorization to speak to the subject of replacing Plaintiff. The Court may therefore disregard Plaintiff's assertion regarding Gerald's authorization because Plaintiff provides no indication how he knows that fact to be true. *See Phan*, 500 F.3d at 910 (*quoting Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1059 n.5, 1061 (9th Cir. 2002)).[1] Defendant offers the declaration of Kami Whipple, Senior Human Resources Representative for Defendant and custodian of Defendant's personnel records, which states that Plaintiff was not replaced by Gerald and that an employee named "Gerald" has not worked in Plaintiff's former department since Plaintiff's termination. (*See* dkt. no. 30-1.) Whipple's declaration states that crusher maintenance technicians are not authorized to speak on behalf of Defendant as to "hiring, firing, or job assignments," and are not able to make decisions as to those matters. (*Id.*) Gerald's statement therefore does not fall into any of the hearsay exception categories identified by Plaintiff.

The Court recognizes that declarations containing hearsay may be admissible for summary judgment purposes where they "could be presented in an admissible form at

---

[1] Plaintiff similarly fails to provide any basis for his personal knowledge that Gerald is "in his 30's."

trial." *See Fonseca v. Sysco Food Serv. of Ariz.*, 374 F.3d 840, 846 (9th Cir. 2003) (citations omitted). The Court is not confident, however, that the hearsay in Plaintiff's declaration could be admissible at trial. Discovery concluded prior to the filing of the instant Motion. (*See* dkt. no. 24 at 3.) Plaintiff did not depose Gerald, Plaintiff has not provided a declaration from Gerald, there is no mention of Gerald in the Complaint,[2] and Defendant has provided evidence that there is no "Gerald" in Plaintiff's old department. Plaintiff's declaration states that Plaintiff sees Gerald "around town, and thus knows he can be easily subpoenaed for trial" (dkt. no. 28 at 2), but Plaintiff has made no apparent contact with Gerald regarding his testimony in this case. The Court cannot allow this action to go forward on the basis of inadmissible evidence merely because Plaintiff provides the thin assurance that Plaintiff sees Gerald around town. The statement by Gerald in Plaintiff's declaration is inadmissible hearsay, and not likely to be presented in an admissible form at trial.

Even if the Court were to consider the hearsay in Plaintiff's declaration, the Court must still disregard Plaintiff's statement that Gerald is "in his 30's" because Plaintiff provides no indication of how he knows that fact to be true. *See Phan*, 500 F.3d at 910 (citation omitted).  Plaintiff's declaration provides no facts from which the Court can infer that Gerald's age is in Plaintiff's personal knowledge. Without evidence of Gerald's age, Plaintiff has not made a prima facie showing that he was replaced by a "substantially younger employee." *Coleman*, 232 F.3d at 1281.

### 3.    Inference of Age Discrimination

Plaintiff argues, under the alternative method of making a prima facie showing for the fourth element, that there were circumstances otherwise giving rise to an inference of age discrimination. Plaintiff asserts that the Court can draw an inference of discrimination because there is a continuing need for Plaintiff's skill and his work is still being performed by others. (Dkt. no. 27 at 4.) That argument is only viable where a

---

[2]In fact, the Complaint does not allege that Plaintiff was replaced by someone substantially younger than him.

plaintiff has been terminated as a result of a general reduction in workforce. *See Diaz*, 521 F.3d at 1207 n.2. In such cases, "no replacements will have been hired." *Id.* Here, Plaintiff was terminated for job abandonment. The mere fact that Defendant hired a replacement or that Defendant has a continuing need for Plaintiff's skills does not create an inference of discrimination.

An inference of discrimination can be established "by showing that others not in [employee's] protected class were treated more favorably." *Sheppard v. David Evans and Assoc.*, 694 F.3d at 1049-50 (9th Cir. 2012) (*citing Diaz*, 521 F.3d at 1207-08). However, Plaintiff does not present any evidence of similarly situated and substantially younger employees that were treated more favorably. Instead, Plaintiff points to the termination of Rick Goff, who Plaintiff asserts was "in his 50's" when he was fired for "unsafe work tactic" on August 25, 2010. (Dkt. no. 27 at 4.) Plaintiff argues that Goff's termination was pretext because Goff was only given a warning about the same incident on August 10, 2010. (*Id.*) Whipple's declaration states that Goff was never given the written warning because Defendant decided to terminate Goff for the unsafe conduct instead. (Dkt. no. 30-1.) In either case, the fact that an employee over 50 was written up and terminated for unsafe work conduct around the same time that Plaintiff was terminated for job abandonment is insufficient to make a prima facie case that Plaintiff was "discharged under circumstances otherwise giving rise to an inference of age discrimination." *Diaz*, 521 F.3d at 1207 (internal quotations and citation omitted).

In sum, Plaintiff fails to present a prima facie case of age discrimination. Plaintiff fails to present sufficient prima facie evidence that he was either replaced by a substantially younger employee or terminated under circumstances giving rise to age discrimination.

///

///

///

///

9

IV.     **CONCLUSION**

It is therefore ordered that Defendant's Motion for Summary Judgment (dkt. no. 24) is granted.

DATED THIS 5th day of March 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE